IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01232-PAB

YIDAM, LTD., a Colorado partnership,

    Plaintiff,

v.

ANIL DIWAN, an individual residing in the State of Connecticut, individually and in his capacity as an officer of the Nominal Defendant and
EUGENE SEYMOUR, an individual residing in the State of California, individually and in his capacity as an officer of the Nominal Defendant,

    Defendants/Counter-Plaintiffs, and

NANOVIRICIDES, INC., a Nevada corporation,

    Nominal Defendant.

---

### ORDER OF DISMISSAL

This matter is before the Court on the Response to Order to Show Cause Re: Subject-Matter Jurisdiction [Docket No. 6] filed by plaintiff Yidam, Ltd. ("Yidam") on May 18, 2013. Yidam brought this case on May 9, 2013, alleging that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1). Docket No. 1 at 3, ¶ 6. On May 10, 2013, the Court issued an Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 4. The Order to Show Cause was based on Yidam's failure to sufficiently plead its own citizenship. *Id.* at 3-4. The Court explained that a partnership, unlike a corporation, is deemed to be a citizen of all of the states of which its members are citizens. *See Grupo Dataflux v.*

*Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004) (referring to the "accepted rule that, as a partnership, [defendant] is a citizen of each State or foreign country of which any of its partners is a citizen."). As Yidam's complaint does not set forth the citizenship of its members, Yidam failed to establish the Court's subject matter jurisdiction as a threshold matter. *See Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

> In its response to the Court's order, Yidam states that:
>
> diversity of citizenship exists as to each of the parties. Specifically, Plaintiff is a limited partnership organized under the laws of the State of Colorado. Defendant Eugene Seymour is believed to be a resident of the State of California. Defendant Anil Diwan is believed to be a resident of the State of Connecticut. Nominal Defendant Nanoviricides, Inc. is a corporation organized under the laws of the State of Nevada. See Complaint at ¶ 2-4, 7. Accordingly, the diversity elements of 28 U.S.C. § 1332(a)(1) are met.

Docket No. 6 at 2. The response makes no further mention of the Yidam's citizenship. As this statement does not disclose the citizenship of Yidam's members, it is insufficient to establish Yidam's citizenship. *See U.S. Advisor, LLC v. Berkshire Property Advisors, LLC*, 2009 WL 2055206 (D. Colo. July 10, 2009) (noting that Congress has not created an exception that would permit members of partnerships to remaining anonymous in federal court and thus that unincorporated entities have to choose between maintaining their members' anonymity and having their cases heard in federal court); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990). Yidam has not addressed the deficiency noted in the Court's order and has not carried its burden of showing that the Court has subject matter jurisdiction over this case. *See Radil*, 384 F.3d at 1224; *see also Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) ("the presumption is that [federal

courts] lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it.").

Wherefore, it is

**ORDERED** that this case is DISMISSED without prejudice for lack of subject matter jurisdiction.

DATED May 20, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge